IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50607
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELIA GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
(SA-95-CR-199)
_____
(September 25, 1995)

Before REAVLEY, SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Delia Garcia appeals her court ordered pretrial detention.
18 U.S.C. § 3142(e) and (f).  She also complains of certain
procedural irregularities at her detention hearing.  We affirm.

Garcia is awaiting trial for possession of heroin with
intent to distribute, conspiracy to distribute, and aiding and
abetting the distribution of heroin.  The district court found

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

"by clear and convincing evidence that there exists no condition or combination of conditions that will reasonably assure the safety of other persons and the safety of the community" if Garcia were to be released prior to trial.  See 18 U.S.C. § 3142(e).  We must determine if the court's finding is supported by the record.  United States v. Ruben, 974 F.2d 580, 586 (5th Cir. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1336 (1993).

Pretrial detention may be imposed if Garcia poses either a risk of flight before trial or a danger to the community.  Ruben, 974 F.2d at 586; United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989).  Under the Bail Reform Act there is a rebuttable presumption this is true where a judicial officer finds probable cause to believe that Garcia committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  18 U.S.C. § 3142(e).  The punishment range for the charges Garcia faces is five to 40 years in prison.  Garcia asserts that there is not clear and convincing evidence which would establish probable cause to believe that she committed acts that are punishable by more than ten years in prison.  Specifically, she claims that she was only present during the initial sale of four ounces of heroin and during the sale of the one pound of heroine.  However, our review of the evidence indicates that there is credible evidence that she arranged the sale of the pound of heroin.  Therefore, her term of imprisonment could exceed ten years.

"The rebuttable presumption of § 3142(e) shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of evidence does not completely rebut the presumption." Ruben, 974 F.2d. at 586 (citing Hare, 873 F.2d at 798-99). The trial court did not abuse its discretion.

At the detention hearing, Garcia has failed to rebut the presumption that she is a danger. Ruben, 974 F.2d at 586. The evidence indicated that in three separate instances Garcia was present when an alleged co-conspirator sold four ounces of heroin, that Garcia sold seven ounces of heroin, that she arranged for the sale of a pound of heroin, and that she was present during that sale. Garcia was sentenced to eight years probation on July 28, 1992 for possession of heroin. On December 7, 1992, Garcia was sentenced to ten years probation, again for possession of heroin. The defendant's only witness was Garcia's probation officer who testified that he believed she was not a danger to the community nor was she a flight risk. However, his testimony was prior to learning of the instant offense. While Garcia had improved since her last two arrests, the probation officer recognized that a drug dealer was a danger to the community. The evidence presented by Garcia at the hearing does not rebut the presumption that she is a danger to the community. Accordingly, the trial court did not err in ordering her to be detained pending trial.

Garcia also asserts that more than ten days passed between the time of her initial appearance and her detention hearing as required by statute. 18 U.S.C. § 3142(d). At Garcia's initial hearing on June 9, 1995, Garcia informed the court that she intended to retain counsel. Based upon this representation, the trial court set the hearing date for June 22, 1995, within the prescribed time specified by the statute. However, on June 22, Garcia requested the appointment of counsel. The court promptly appointed counsel and reset the hearing date. Any delay in the hearing was caused by Garcia herself. The failure to comply with the Act's ten-day requirement does not require that Garcia be released, especially where the noncompliance was a direct result of her desire to pursue retained counsel. See United States v. Montalvo-Murillo, 495 U.S. 711, 716-717 (1990) (failure to follow time requirements for first appearance does not require the defendant to be released); United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (the time requirements and the detention hearing itself provided for in § 3142 are waivable).

The noncompliance with the ten-day requirement did not have a "substantial influence" on the outcome of the proceeding. Based on these facts, any error was harmless. See Montalvo-Murillo, 495 U.S. at 722.

AFFIRMED.

4